IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AREMU,

    Plaintiff,                            No. CIV S-09-1595 MCE EFB P

    vs.

CALIFORNIA BOARD OF PAROLE
HEARINGS, et al.,
                                         FINDINGS AND RECOMMENDATIONS
    Defendants.
                                /

       Tony Aremu, a prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

       Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). To state a claim under 42 U.S.C.§ 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was

1

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges as follows:  He was convicted of second degree murder.  On March 13, 1983, he was sentenced to state prison for a term of sixteen years to life.  He was eligible for parole in 1991 and has been denied parole at all nine of his parole suitability hearings.  He challenges application of Proposition 9, also known as the Victims' Bill of Rights Act of 2008: Marsy's Law, to his future parole suitability hearings, alleging it violates the Ex Post Facto and Fourteenth Amendment Due Process Clauses of the U.S. Constitution.  Plaintiff seeks injunctive and declaratory relief only.

A class action pending in this district, *Gilman v. Davis*, No. Civ. S-05-0830 LKK GGH,[1] also challenges Proposition 9 as violating the Ex Post Facto and Due Process clauses.[2]  The class in *Gilman* is comprised of California state prisoners who: (I) have been sentenced to a term that includes life; (ii) are serving sentences that include the possibility of parole; (iii) are eligible for parole; and (iv) have been denied parole on one or more occasions.  *Gilman v. Davis*, No. Civ. S-05-0830 LKK GGH, 2009 U.S. Dist. LEXIS 21614 (E.D. Cal. Mar. 4, 2009), *aff'd* 2010 U.S. App. LEXIS 11319 (9th Cir. June 3, 2010).  The Gilman plaintiffs seek declaratory and injunctive relief to cure the alleged violations.  *Gilman*, 2009 U.S. Dist. LEXIS 21614, at *7.

A plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  *See Crawford v. Bell*, 599 F.2d 890, 892-93 (9th Cir. 1979); *see also McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an

---

[1] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The court notes that the due process claim has been dismissed from the *Gilman* action. *Gilman v. Davis*, 690 F. Supp.2d 1105, 1128 (2010).

2

1  existing class action."); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (per curiam)
2  ("To allow individual suits would interfere with the orderly administration of the class action and
3  risk inconsistent adjudications.").
4     Accepting plaintiff's allegations as true, he is a member of the Gilman class. Further, his
5  complaint seeks equitable relief only and involves the same subject matter as the class action.
6  As a member of the Gilman class, plaintiff must bring his "[c]laims for equitable relief . . .
7  through the class representative until the class action is over or the consent decree is modified."
8  *McNeil*, 945 F.2d at 1166; *Frost v. Symington*, 197 F.3d 348, 359 (9th Cir. 1999) (inmate must
9  bring equitable claims related to class action through class counsel); *Crawford*, 599 F.2d at
10 892-93. *See also Rodgers v. Swarthout*, No. Civ. S-10-0581 JAM GGH P, 2010 U.S. Dist.
11 LEXIS 87013 (E.D. Cal. Aug 24, 2010) (striking petitioner's claims regarding Marsy's Law and
12 parole eligibility, without prejudice to resolution in the Gilman class action).
13    As plaintiff may not bring an individual suit seeking equitable relief within the same
14 subject matter as the class action in *Gilman*, it is hereby RECOMMENDED that this action be
15 dismissed.
16    These findings and recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
18 after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties. Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
21 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
22 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
23 Dated: August 30, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE